PHILLIP A. TALBERT
United States Attorney
TODD A. PICKLES
MATTHEW M. YELOVICH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-00006 MCE |
|---|---|
| Plaintiff, | PROTECTIVE ORDER |
| v. | |
| JOHN CROSBY, *et al.*, | |
| Defendants. | |

**PROTECTIVE ORDER**

    1.    This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

    2.    The discovery produced or to be produced by the United States in this case, and the information contained therein, may only be used in connection with the litigation of this case and for no other purpose. At the conclusion of the case, including after any appeal or collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, is decided, counsel for the defendants will either return to the United States all discovery, including any copies provided to the defendant, or certify that it has been shredded or otherwise destroyed, so long as doing so accords with the document retention obligations of counsel for the defendants.

    3.    The discovery produced or to be produced by the United States in this case is voluminous and includes materials that contain financial or personal information with respect to one or more

defendants and third parties, as well as documents relating to third parties, including the Nomlaki Band of Paskenta Indians and others.

4. The discovery produced or to be produced by the United States contains "Confidential Materials," which includes any non-public: financial information, personal information, personnel information, or commercial information. It is presumed that the following categories of documents or evidence produced or to be produced in discovery are Confidential Materials: (a) records produced from financial institutions; (b) digital evidence obtained as a result of the execution of search warrants of electronic devices of the defendants and third parties; (c) tax returns or submissions to the Internal Revenue Service or the California Franchise Tax Board, other personal financial information or personal medical information; and (d) any references to personally-identifying information such as social security numbers, tax identification numbers, medical information, or dates of birth. This list is not exhaustive. The parties shall meet and confer regarding any disputes relating to the confidentiality of the discovery produced by the United States.

5. The parties and their counsel of record shall not provide or disclose any Confidential Materials to any person other than the defendants, or attorneys, law clerks, paralegals, secretaries, experts, investigators or others involved in the representation of their clients or other individuals involved in the preparation of the defense, as well as the Court and its staff and personnel, except as provided in Paragraph 6. The parties may disclose the contents of Confidential Materials to non-retained witnesses or potential witnesses but may not provide a copy of any Confidential Materials to any non-retained witnesses or potential witness, except as provided in Paragraph 6.

6. Nothing in this Order shall limit the ability of any party to use or disclose its own Confidential Materials that were produced by the United States, including, but not limited to, the defendants' own financial records, tax returns, or evidence obtained from the defendant's own electronic devices.

7. Counsel for the defense will store Confidential Materials of another party or third party in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this Order.

8.      If counsel releases custody of any Confidential Materials of another party or a third party, or authorized copies thereof, to any person described in paragraph 4, other than the Court and its personnel, counsel shall provide such recipients with copies of this Order and advise that person that the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, that it must be maintained in a secure location, and that an unauthorized use, disclosure, or dissemination of the discovery may constitute a violation of law and/or contempt of court.

9.      In the event that any of the defendants obtain new or additional counsel, current counsel for that defendant will withhold the Confidential Materials of another party or third party from new or additional counsel unless and until the new or additional counsel agrees to be bound by this Order.

10.     Counsel for the defense shall be responsible for advising the defendants and other members of the defense team of the contents of this Order.

11.     The parties are permitted to prepare transcripts or summaries of Confidential Materials of another party or third party. Any such derivative products of the discovery will be subject to the terms of this Order, except that, to the extent such summaries or transcripts are considered to be the work product of any defense counsel, such work product does not need to be returned to the United States at the conclusion of the case but shall remain in the possession of the counsel who asserts work product.

12.     Nothing in this Order precludes or prevents any party from using any discovery in furtherance of this case, including seeking to admit any of the documents as evidence at trial or in other hearings, or filing with the Court any documents in relation to any motion or other matter submitted to the Court.

13.     In the event that any party intends to file on the public docket any of the items contained in discovery that reveal Confidential Materials ("Noticing Party"), that party shall notify all other parties no less than fifteen hours in advance of filing to permit the other parties ("Responding Parties") the opportunity to determine whether they will request the documents be filed under seal. In the event that no party responds within fifteen hours, it shall be deemed that none of the parties opposes the filing of any document on the public docket. To the extent that any of the Responding Parties believes that the document should be filed under seal, that party shall file a request to seal and all other documents required under local rule for sealing within 24 hours of the Noticing Party's submitting the disputed documents to

the Court by email. Further, all parties shall ensure that they comply with the Court's Local Rules regarding redaction of personally identifying information.

14. This Order also does not apply to any records that the defendants have obtained or may obtain from sources other than the United States.

IT IS SO FOUND AND ORDERED

Dated: May 19, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE