PHILLIP A. TALBERT
United States Attorney
TODD A. PICKLES
MATTHEW M. YELOVICH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-00006 MCE |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| JOHN CROSBY, *et al.*, | DATE: June 8, 2017 |
| Defendants. | TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

**STIPULATION**

1. By previous order, this matter was set for status on June 8, 2017.

2. By this stipulation, defendants now move to continue the status conference until September 14, 2017, and to exclude time between June 8, 2017, and September 14, 2017, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes investigative reports and related documents, business records, tribal documents, digital images, and various recordings. To date, tens of thousands of pages of discovery and nine multimedia disks have been produced directly to defense counsel. In addition, with the entry of a protective order in this case on May 19, 2017, the government has invited defense counsel to provide storage media sufficient to copy several terabytes worth of digital evidence, as well as

STIPULATION RE: SPEEDY TRIAL ACT; ORDER

1

| | |
|---|---|
|1| over 200,000 pages of non-digital evidence.  Once the government receives this storage media, |
|2| this additional voluminous discovery will be produced directly to defense counsel. |
|3|       b)    Counsel for defendants desire additional time consult with their clients, research |

        over 200,000 pages of non-digital evidence. Once the government receives this storage media, this additional voluminous discovery will be produced directly to defense counsel.

        b)    Counsel for defendants desire additional time consult with their clients, research the facts and law of this case, review the voluminous discovery in this matter that they have already received and anticipate receiving in the near future, and conduct resulting additional investigation and research.

        c)    Counsel for defendants believe that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d)    The government does not object to the continuance. The government has advised defense counsel that, at the next status conference in September, the government anticipates seeking trial dates and a motion schedule for all pretrial motions.

        e)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 8, 2017 to September 14, 2017, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

    IT IS SO STIPULATED.

Dated:  May 26, 2017                            PHILLIP A. TALBERT
                                                United States Attorney

                                                /s/ Matthew M. Yelovich

| | |
|---|---|
| | TODD A. PICKLES<br>MATTHEW M. YELOVICH<br>Assistant United States Attorneys |
| Dated: May 26, 2017 | KEKER, VAN NEST & PETERS, LLP<br><br>*/s/ Elliot R. Peters, Esq.*<br>ELLIOT R. PETERS, Esq.<br>Counsel for Defendant John Crosby |
| Dated: May 26, 2017 | KEKER, VAN NEST & PETERS, LLP<br><br>*/s/ Benedict Y. Hur, Esq.*<br>BENEDICT Y. HUR, Esq.<br>ERIN E. MEYERS, Esq.<br>Counsel for Defendant Ines Crosby |
| Dated: May 26, 2017 | HEATHER WILLIAMS<br>Federal Public Defender<br><br>*/s/ Jerome Price*<br>MATTHEW BOCKMON<br>JEROME PRICE<br>Assistant Federal Defenders<br>Counsel for Defendant Leslie Lohse |

## ATTESTATIONS

The undersigned counsel of record for defendants John Crosby and Ines Crosby, jointly represented by the law firm Keker, Van Nest & Peters, LLP, hereby attest and affirm that they are not presently aware of any actual conflicts of interest regarding the joint representation of John Crosby and Ines Crosby.

IT IS SO ATTESTED.

Dated: May 26, 2017						KEKER, VAN NEST & PETERS, LLP

						*/s/ Elliot R. Peters, Esq.*
						ELLIOT R. PETERS, Esq.
						Counsel for Defendant John Crosby

Dated: May 26, 2017						KEKER, VAN NEST & PETERS, LLP

						*/s/ Benedict Y. Hur, Esq.*
						BENEDICT Y. HUR, Esq.
						ERIN E. MEYERS, Esq.
						Counsel for Defendant Ines Crosby

## ORDER

IT IS SO ORDERED.

Dated: May 31, 2017

						MORRISON C. ENGLAND, JR
						UNITED STATES DISTRICT JUDGE